**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-5021**

UNITED STATES OF AMERICA,

              Plaintiff – Appellee,

     v.

MAURICE YOUNG, a/k/a Peanut,

              Defendant – Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Andre M. Davis, District Judge. (1:07-cr-00229-AMD-7)

Submitted: July 6, 2009          Decided: July 24, 2009

Before MOTZ, KING, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Mark A. Van Bavel, MARK VAN BAVEL, P.A., Baltimore, Maryland, for Appellant. Rod J. Rosenstein, United States Attorney, Michael C. Hanlon, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to a plea agreement, Maurice Young pled guilty to one count of bank robbery, in violation of 18 U.S.C. § 2113 (a) & (d) (2006) and one count of use of a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (2006). The district court sentenced Young to 300 months' imprisonment on the bank robbery conviction and an additional 144 months on the firearms conviction, to be served consecutively. Young timely noted his appeal.

On appeal, Young argues that the district court improperly enhanced his sentence for obstruction of justice. A district court's factual findings, including those that serve as a basis for an obstruction of justice enhancement under U.S. Sentencing Guidelines Manual ("USSG") § 3C1.1, are reviewed for clear error. United States v. Kiulin, 360 F.3d 456, 460 (4th Cir. 2004). This deferential standard of review requires reversal only if this court is "left with the definite and firm conviction that a mistake has been committed." United States v. Stevenson, 396 F.3d 538, 542 (4th Cir. 2005) (quoting Anderson v. Bessemer City, 470 U.S. 564, 573 (1985)). However, a district court's legal conclusions regarding whether to apply a sentencing enhancement are reviewed de novo. See United States v. Layton, 564 F.3d 330, 334 (4th Cir. 2009).

2

According to USSG § 3C1.1, a defendant's base offense level is to be increased two levels for obstruction of justice if

> the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction, and . . . the obstructive conduct related to (i) the defendant's offense of conviction[.]

USSG § 3C1.1. Obstructive conduct within the meaning of § 3C1.1 includes, but is not limited to, "threatening, intimidating, or otherwise unlawfully influencing a co-defendant, witness, or juror, directly or indirectly, or attempting to do so." USSG § 3C1.1, comment (n.4(a)).

Here, the district court enhanced Young's base offense level pursuant to USSG § 3C1.1 after determining that Young yelled at a cooperating witness in the courthouse lock-up in the presence of other prisoners and called the cooperating witness a "snitch" and a "rat." Young's statements and the context in which they were made establish his intent to, directly or indirectly, intimidate or unlawfully influence the cooperating witness. By knowingly revealing the witness' willingness to cooperate with authorities, Young exposed the witness to a potentially hostile crowd, and the district court could properly conclude based on Young's statements and the context in which they were made that Young intended to obstruct justice. See

3

United States v. Hurst, 228 F.3d 751, 761-62 (6th Cir. 2000). Accordingly, the district court did not err in enhancing Young's offense level by two levels for obstruction of justice.

Young also argues on appeal that the district court committed procedural error in sentencing him. This court reviews a sentence imposed by a district court under a deferential abuse of discretion standard. Gall v. United States, 552 U.S. 38, ___, 128 S. Ct. 586, 597 (2007). United States v. Evans, 526 F.3d 155, 161 (4th Cir. 2008). In reviewing a sentence, we must first ensure that the district court committed no procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence - including an explanation for any deviation from the Guidelines range. Gall, 128 S. Ct. at 597. If there are no procedural errors, we then consider the substantive reasonableness of the sentence. Id. A substantive reasonableness review entails taking into account the totality of the circumstances. United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007) (quotations and citation omitted). Further, this court may presume a sentence within the Guidelines range to be reasonable. Id. Even if the reviewing court would have

4

reached a different result, this fact alone is insufficient to justify reversal of the district court. Id. at 474.

"When rendering a sentence, the district court must make an *individualized* assessment based on the facts presented." United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009) (quoting Gall, 128 S. Ct. at 597) (internal quotations omitted) (emphasis in the original)). Accordingly, a sentencing court must apply the relevant § 3553(a) factors to the particular facts presented and must "state in open court" the particular reasons that support its chosen sentence. Id. Stating in open court the particular reasons for a chosen sentence requires the district court to set forth enough to satisfy this court that the district court has a reasoned basis for its decision and has considered the parties' arguments. Id.

We have reviewed the record, and it is clear that the district court conducted a thorough and particularized sentencing hearing during which it considered and, ultimately, rejected Young's sentencing arguments. Also, the district court applied the relevant § 3553(a) factors and clearly stated in open court the basis for the chosen sentence. Accordingly, Young fails to demonstrate that his sentence was procedurally unreasonable. Additionally, this court may presume on appeal that a sentence within a defendant's advisory Guidelines range is substantively reasonable, and Young fails to offer anything

5

to rebut that presumption.  <u>Rita v. United States</u>, 551 U.S. 338, __, 127 S. Ct. 2456, 2459 (2007).  Accordingly, we affirm the judgment of the district court.  We dispense with oral argument as the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>